**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**UNITED STATES OF AMERICA,**

**Plaintiff,** :

**v.**

**DEQUAN M. KEYS,** :

**Defendant.**

**Case No. 2:25-cr-124(1)**
**Chief Judge Sarah D. Morrison**

## OPINION AND ORDER

This matter is before the Court on pre-trial motions in limine filed by the Government and Dequan M. Keys. (ECF Nos. 26, 28, 66.)

## I. STANDARD OF REVIEW

Motions in limine allow the Court to rule on the admissibility of evidence in advance of trial to expedite proceedings and provide the parties with advance notice of the evidence upon which they may or may not rely to prove their case. *Bennett v. Bd. of Educ. of Washington Cnty. Join Vocational Sch. Dist.*, No. 2:08-cv-0663, 2011 WL 4753414, at *1 (S.D. Ohio Oct. 7, 2011) (Marbley, J.). The motions therefore serve "to narrow the issues remaining for trial and to minimize disruptions at trial." *United States v. Brawner*, 173 F.3d 966, 970 (6th Cir. 1999). To prevail on a motion in limine, the movant must show that the evidence is clearly inadmissible. *Bennett*, 2011 WL 4753414, at *1. If the movant fails to meet this high standard, a Court should defer evidentiary rulings so that questions of foundation, relevancy, and potential prejudice may be resolved in the context of trial. *Henricks v. Pickaway*

*Corr. Inst.*, No. 2:08-cv-580, 2016 WL 4577800, at *2 (S.D. Ohio Sept. 2, 2016) (Marbley, J.). Whether to grant a motion in limine is within the discretion of the trial court; the Court may reconsider the admissibility of evidence and even change its ruling on a motion in limine "as the proceedings give context to the pretrial objections." *Id.* (citing *Branham v. Thomas M. Cooley Law Sch.*, 689 F.3d 558, 562 (6th Cir. 2012)).

## II. ANALYSIS

### A. Motion in Limine Regarding Prior Theft Conviction (ECF No. 26)[1]

The Government asks the Court to rule that evidence relating to Mr. Keys's January 2025 theft offense (for which he pleaded guilty and was convicted) is admissible as evidence of identity under Rule 404(b)(2). (ECF No. 26.) Specifically, the Government intends to introduce evidence that Mr. Keys stole a purse from a Double Tree hotel in Fairlawn, Ohio while wearing "substantially the same clothing" and using the same vehicle as he allegedly did during the charged offenses. (*Id.*, PAGEID ## 87–88.)

"Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." Fed. R. Evid. 404(b)(1). However, such evidence may be admissible "for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of

[1] The Government's Motion for Leave to File Reply Brief (ECF No. 72) is **GRANTED**.

accident." Fed. R. Evid. 404(b)(2). The Sixth Circuit has developed a three-step process for courts to assess the admissibility of other-act evidence. *United States v. Dunnican*, 961 F.3d 859, 874 (6th Cir. 2020) (citation omitted). First, the Court must decide whether there is sufficient evidence that the other act occurred. *Id*. Second, the Court must decide whether the other-act evidence is probative of a material issue other than character. *Id*. Third, the Court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect. *Id*.

Given that Mr. Keys pleaded guilty to and was convicted of the Fairlawn theft, there is sufficient evidence that the other act occurred. And Mr. Keys does not object to the admission of "properly authenticated evidence" from the Fairlawn theft that is "genuinely necessary" to establish an "identity connection" between that prior act and the charged offenses (e.g., evidence about the vehicle used, witness testimony, surveillance footage, etc.).[2] (ECF No. 69, PAGEID # 308.) However, he objects "to the admission of his prior theft conviction, guilty plea, sentence, and unnecessary details concerning" the Fairlawn theft. (*Id*., PAGEID # 309.) The Government responds that it does not intend to introduce evidence or otherwise refer to his sentence but that evidence of his guilty plea and conviction are

---

[2] Mr. Keys also objects to any evidence that asserts as established fact that he stole the Ford Explorer driven during the Fairlawn theft. (ECF No. 69, PAGEID # 308.) The Government responds that it does not intend to admit evidence or elicit testimony on whether Mr. Keys stole the Ford Explorer. (Reply, ECF No. 72-1, PAGEID # 316.)

necessary to help prove identity. (Reply, PAGEID ## 316–317.) Accordingly, the Court turns to whether evidence of Mr. Keys's prior theft conviction and guilty plea is admissible under Rule 404(b)(2).

**1. Evidence of Mr. Keys's prior conviction and guilty plea is probative of a material issue other than character.**

"Evidence of other acts is probative of a material issue other than character if (1) the evidence is offered for an admissible purpose, (2) the purpose for which the evidence is offered is material or 'in issue,' and (3) the evidence is probative with regard to the purpose for which it is offered." *United States v. Rayborn*, 495 F.3d 328, 342 (6th Cir. 2007) (internal quotation and citation omitted).

First, the Government seeks to introduce evidence of Mr. Keys's guilty plea and conviction for the Fairlawn theft for an admissible purpose – to prove identity. Under Rule 404(b), "commission of similar crimes in the past can be used to show identity, i.e., that the defendant is the culprit rather than someone else, if the earlier crimes have particularly identifying characteristics also observed in the later crime." *United States v. Whitt*, 752 F. App'x 300, 305 (6th Cir. 2018). When "the issue is related solely to identity," the Sixth Circuit "has overwhelmingly approved of the admission of 'other acts' evidence." *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2006).

Second, Mr. Keys put his identity at issue at trial by denying his involvement with the charged offenses. The identity of the robbery suspect is material to the Government's case – it must prove beyond a reasonable doubt that Mr. Keys, not someone else, committed the offenses.

Third, evidence of the Fairlawn theft is probative of identity. The similarities in the clothing worn (a black Carhartt jacket and black cap) and the vehicle used (gray Ford Explorer) during the Fairlawn theft and the charged offenses are sufficiently distinctive to demonstrate the Government's identity theory. (*Compare* ECF No. 26, PAGEID ## 86–87 *with id.*, PAGEID ## 88–90); *see also United States v. Mack*, 258 F.3d 548, 553–54 (6th Cir. 2001) (wearing "a ski mask in conjunction with a hooded sweatshirt" by a person who "always burst into the bank and leaped over the teller counter" sufficiently distinctive to show identity under Rule 404(b)). The Government argues, and the Court agrees, that evidence of Mr. Keys's plea and conviction (not just the underlying circumstances of the offense) is probative of identity because it establishes that the person who committed the Fairlawn theft is, in fact, Mr. Keys. Indeed, evidence of the Fairlawn theft is only useful to demonstrate shared identity with the charged offenses if Mr. Keys committed the Fairlawn theft (which the guilty plea and conviction establish). Thus, the Court finds that evidence of Mr. Keys's guilty plea and conviction are probative of his identity.

**2. The probative value of the Government's evidence is not substantially outweighed by its prejudicial effect.**

Even if the other-acts evidence is probative of an admissible purpose under Rule 404(b), the Court must balance that probative value with the prejudicial impact of admitting it. *United States v. Perry*, 438 F.3d 642, 648 (6th Cir. 2018). Courts should only exclude the evidence when, considered in the light most favorable to its proponent, the probative value of the evidence is substantially

outweighed by the danger of unfair prejudice. *Id.* (citations omitted). If the court does not exclude the evidence, it should "issue a limiting instruction establishing the basis for the inclusion of the Rule 404(b) evidence[.]" *Id.* (citation omitted).

Mr. Keys argues that admitting evidence of his guilty plea and conviction would "create a substantial risk that the jury will use the evidence for the forbidden propensity inference that, because [he] committed a theft on another occasion, he committed the charged offense." (ECF No. 69, PAGEID # 309.) Although evidence that Mr. Keys pleaded guilty to and was convicted of a prior theft offense may prejudice him, that does not mean that the risk of prejudice is unfair. "Unfair prejudice does not mean the damage to a defendant's case that results from the legitimate probative force of the evidence; rather it refers to evidence which tends to suggest a decision on an improper basis." *United States v. Bonds*, 12 F.3d 540, 567 (6th Cir. 1993) (citation modified). A limiting instruction directing a jury not to consider other-act evidence for any purpose other than identity diminishes any prejudicial effect from the admission of such evidence. *See United States v. Carney*, No. 24-6051, 2026 WL 813847, at *9 (6th Cir. Mar. 24, 2026).

The Court finds that Mr. Keys will not be unduly prejudiced by evidence of his prior guilty plea and conviction to help prove identity. Indeed, the Sixth Circuit has upheld the admission of evidence of a prior conviction under similar circumstances. *See, e.g.*, *Mack*, 283 F.3d at 553–54; *United States v. Woods*, 613 F.2d 629, 635 (6th Cir. 1980) (evidence of prior robbery admissible as a distinctive "signature" where the defendants wore "ski masks, goggles, and jumpsuits" in both

crimes and used "a stolen vehicle for a getaway car"). To minimize the prejudicial effect of this evidence to Mr. Keys, the Court will give the parties' agreed-upon limiting instruction, directing the jury to consider any evidence related to the Fairlawn theft only as it relates to the Government's claim on Mr. Keys's identity and not for any other purpose. (*See* ECF No. 84, PAGEID # 484.)

The Government's Motion in Limine at ECF No. 26 is **GRANTED**.

### B. Motion in Limine to Preclude Evidence of Criminal Penalties (ECF No. 28)

The Government asks the Court to preclude Mr. Keys from presenting any evidence, argument, or testimony regarding the potential criminal penalties he faces. (ECF No. 28.) Mr. Keys responds that he does not intend to introduce evidence or otherwise refer at trial to any potential criminal penalties. (ECF No. 68, PAGEID # 306.) Given Mr. Keys's response, the Government's Motion in Limine at ECF No. 28 is **DENIED as moot**.

### C. Motion in Limine to Limit Latent-Print Testimony (ECF No. 66)

Mr. Keys moves to limit the proposed testimony of the Government's expert witness, Columbus Police Crime Laboratory ("CPCL") latent-print examiner Amanda Wilberg, under *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579 (1993) and Rules 104(a), 403, and 702. (ECF No. 66.)

Pursuant to Rule 702 and *Daubert*, courts may admit expert testimony if it satisfies three requirements: (1) the witness must be qualified by knowledge, skill, experience, training, or education; (2) the testimony must be relevant, "meaning that it 'will assist the trier of fact to understand the evidence or to determine a fact

in issue'"; and (3) the testimony must be reliable. *See In re Scrap Metal Antitrust Litig.*, 527 F.3d 517, 528 (6th Cir. 2008). The reliability requirement focuses "on the methodology and principles underlying the testimony." *Greenwell v. Boatwright*, 184 F.3d 492, 497 (6th Cir. 1999).

Mr. Keys's objection to Ms. Wilberg's expert testimony is unusual in that he does not challenge her qualifications or the general relevance or reliability of her proposed testimony. Quite rightly, as the Court found Ms. Wilberg qualified as an expert latent-print examiner in a prior case and courts routinely find the methodology upon which she relied (the ACE-V method) reliable for *Daubert* purposes. *See, e.g.*, *United States v. Jacobs*, No. 24-3165, 2024 WL 4950148, at *1 (6th Cir. Dec. 3, 2024) (affirming admission of Ms. Wilberg's testimony regarding ACE-V fingerprint identification, noting that "courts have repeatedly upheld the use of latent fingerprint evidence under the ACE-V method in the thirty years since *Daubert*") (collecting cases). Instead, Mr. Keys asks the Court (1) to require the Government to establish an evidentiary foundation of Ms. Wilberg's opinion outside the presence of the jury, and (2) to prevent Ms. Wilberg from overstating the accuracy or reliability of her opinion. (ECF No. 66, PAGEID # 297.) His requests are not well taken.

As to his first request, the Government must establish the foundation of Ms. Wilberg's testimony at trial, and Mr. Keys has not explained how the foundational basis of her testimony would be inadmissible. As to his second request, when, such as here, the expert testimony is "based on well-established science," issues relating

to reliability "go to weight, not admissibility." *United States v. Stone*, 848 F.Supp.2d 714, 719 (E.D. Mich. 2012) (internal quotations and citation omitted). Indeed, any "potential fallibility in fingerprint identification is a matter for cross-examination, not a bar to admissibility." *United States v. Jacobs*, No. 2:21-cr-053, 2022 WL 1624609, at *7 (S.D. Ohio May 23, 2022) (Marbley, J.).

In sum, Mr. Keys has not shown that Ms. Wilberg's testimony fails to clear the *Daubert* threshold such that it is inadmissible. Mr. Keys may object to any testimony for which he believes the Government has failed to lay a proper foundation or raise any issues regarding the credibility or reliability of Ms. Wilberg's opinion at trial.

Mr. Keys's Motion in Limine at ECF No. 66 is **DENIED**.

## III. CONCLUSION

For the reasons set forth above, the pending pretrial motions are decided as follows:

- The Government's Motion in Limine to Admit Evidence under Fed. R. Evid. 404(b) (ECF No. 26) is **GRANTED**.
- The Government's Motion in Limine to Preclude Mention of Potential Criminal Penalties (ECF No. 28) is **DENIED as moot**.
- Mr. Keys's Motion in Limine to Limit Latent-Print Testimony (ECF No. 66) is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**